Law Office of T. Stephen Song, P.C.
*Attorneys for Plaintiff*
154-08 Northern Blvd., Suite 2G
Flushing, NY 11354
Tel. (718) 321-0770
Fax (718) 321-0799
ssong@stephensong.net

UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF NEW YORK

---

KWANG MIN AHN, on behalf of himself and all others similarly situated,

                Plaintiffs,

-against-

NAK WON FOOD INC. and EUN HEE HA,

                Defendants.

**FLSA COLLECTIVE ACTION and NEW YORK CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff KWANG MIN AHN (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Law Offices of T. Stephen Song, P.C., complaining of defendants NAK WON FOOD INC. and EUN HEE HA (collectively referred to as "Defendants"), alleges as follows:

<u>NATURE OF THE ACTION</u>

1. This action is brought to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and section 190 et seq. of the New York Labor Law ("NYLL") on behalf of the employees who worked for Defendants.

2. Defendants systematically ignored the requirements of the FLSA and NYLL.

Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the deli and catering store operated by Defendants, which is located in the Eastern District of New York.

## PARTIES

### Plaintiff

5. Plaintiff resides in Queens County, New York.

6. Defendants employed Plaintiff as a deli and catering store employee – Plaintiff delivered catered foods to various locations, prepared catered food and set up catered food – from on or about September 14, 2014, when he began working for Defendants, until his employment was terminated on or about April 4, 2017.

### Defendants

7. Defendant Nak Won Food Inc. is a New York Corporation that owns, operates, and does business as Nak Won Food, a deli and catering store located at 147-50 Northern

Blvd., Flushing, NY 11354 and at 41-65 Bowne St., Flushing, NY 11355.

8. Defendant Nak Won Food Inc. has employees engaged in commerce or in the production of goods for commerce and selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Defendant Nak Won Food Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Upon information and belief, Defendant Nak Won Food Inc. has annual gross volume of sales in excess of $500,000.

11. Defendant Eun Hee Ha is a person engaged in business in the City of New York, County of Queens who is an owner and/or manager of Nak Won Food Inc.

12. Throughout Plaintiff's employment, Eun Hee Ha hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Nak Won Food. Defendant Ha has exercised sufficient control over Nak Won Food's operations to be considered Plaintiff's employer under the FLSA and NYLL.

13. Upon information and belief, Nak Won Food Inc. was formed on January 10, 2006.

14. Defendant Ha was Plaintiff's supervisor and manager when Plaintiff began his employment in 2014.

15. Defendant Ha has been Plaintiff's supervisor and manager during the entire period of Plaintiff's employment.

COLLECTIVE ACTION ALLEGATIONS

16. The claims in this Complaint arising out of the FLSA are brought by Plaintiff

on behalf of himself and similarly situated persons (i.e., cashiers, food preparers workers, dish washers, other food deliverers etc.) who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "Nak Won Employees").

17. Nak Won Employees consist of approximately 10 employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum wages, overtime wages, and other wages that they had earned.

18. Nak Won Employees consist of employees who, during their employment with Defendants, worked all day shifts packing and preparing foods, providing counter services, ringing up customers, receiving deliveries, preparing other catering items, and any number of additional tasks, and fall into the category of non-exempt, non-managerial employees.

19. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Nak Won Employees by engaging in a pattern, practice, and/ or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the following:

    a. failing to keep accurate records of hours worked by Nak Won Employees as required by the FLSA and the NYLL;
    b. failing to pay Nak Won Employees minimum wages for all hours worked;
    c. failing to pay Nak Won Employees overtime pay for all hours worked over forty; and
    d. failing to pay Nak Won Employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than 10 hours.

20. Defendants have engaged in their unlawful conduct pursuant to a corporate policy

of minimizing labor costs and denying employees their compensation.

21. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the Nak Won Employees.

22. Nak Won Employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

### Plaintiff's hours worked

23. From the period beginning on or about September 14, 2014 and continuing until on or about April 4, 2017, Plaintiff worked at Nak Won Food for six days each week. He was scheduled to work from 6:00 a.m. until 5:00 p.m. without a scheduled break or lunch (11 hours per day). In general, Plaintiff worked his scheduled hours six days per week. In total, Plaintiff worked an average of approximately 66 hours per week during this time period.

**Defendants failed to pay minimum wages or overtime wages, and failed to provide paystubs or other required notices.**

24. From approximately September 14, 2014 until November 14, 2014, Plaintiff was paid $650.00 per week.

25. From approximately November 15, 2014 until June 15, 2016, Plaintiff was paid $700.00 per week.

26. From approximately June 16, 2016 until Plaintiff's employment was terminated on or about April 4, 2017, Plaintiff was paid $750.00 per week.

27. Plaintiff was always paid in cash.

28. Plaintiff never received any compensation for the hours over 40 that he worked every week.

29. The Defendants did not provide paychecks or paystubs to Plaintiff.

30. The Defendants did not provide Plaintiff with notices informing him of, *inter alia*, his rate of pay at the time of hiring or at any time during his employment with Defendants.

### FIRST CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Minimum Wage)

31. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

33. Defendants were required to pay Plaintiff and Nak Won Employees the applicable minimum wage rate for each hour that they worked.

34. Defendants failed to pay Plaintiff and Nak Won Employees the minimum wages to which they were entitled under the FLSA.

35. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Nak Won Employees.

36. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Nak Won Employees have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant

to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
(New York Labor Law – Unpaid Minimum Wage)

37. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor Regulations.

39. Defendants failed to pay Plaintiff and the Nak Won Employees the minimum wages to which they were entitled under the NYLL.

40. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Nak Won Employees minimum hourly wages.

41. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Nak Won Employees have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Overtime)

42. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43. Defendants were required to pay Plaintiff and the Nak Won Employees one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*.

44. Defendants failed to pay Plaintiff and the Nak Won Employees the overtime

wages to which they were entitled under the FLSA.

45. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the Nak Won Employees overtime wages.

46. Due to Defendants' violations of the FLSA, Plaintiff and the Nak Won Employees are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CAUSE OF ACTION
(New York Labor Law – Unpaid Overtime)

47. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and the Nak Won Employees one and one half (1.5) times the regular rate of pay for all hours that they worked in excess of 40 in a workweek.

49. Defendants failed to pay Plaintiff and the Nak Won Employees the overtime wages to which they were entitled under the NYLL.

50. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Nak Won Employees overtime wages.

51. Due to Defendants' willful violations of the NYLL, Plaintiff and the Nak Won Employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CAUSE OF ACTION
(New York Labor Law – Spread-of-Hours Pay)

52. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53. Defendants willfully failed to pay Plaintiff and the Nak Won Employees additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

54. By Defendants' failure to pay Plaintiff and the Nak Won Employees spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

55. Due to Defendants' willful violations of the NYLL, Plaintiff and the Nak Won Employees are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### SIXTH CAUSE OF ACTION
(New York Labor Law – Wage Theft Prevention Act)

56. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011 through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

58. The NYLL and WTPA also require employers to provide employees with an

accurate wage statement each time they are paid.

59. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff and the Nak Won Employees without providing wage statements accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

60. In violation of NYLL § 191, Defendants failed to furnish to Plaintiff and the Nak Won Employees at the time of hiring, whenever there was a change to their rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

61. Defendants failed to furnish Plaintiff and the Nak Won Employees with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages;

deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

62. Due to Defendants' violation of NYLL § 195(1), Plaintiff and each member of the Nak Won Employees are entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

63. Due to Defendants' violation of NYLL § 195(3), Plaintiff and each member of the Nak Won Employees are entitled to recover from Defendants liquidated damages of $300 per workweek that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all Nak Won Employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

d. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

e. declaring that Defendants' violations of the FLSA and NYLL were willful;

f. enjoining future violations of the FLSA and NYLL by Defendants;

g. awarding Plaintiff damages for unpaid minimum and overtime wages, unlawfully

retained gratuities, and spread-of-hours pay;

h. awarding Plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

i. awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l. awarding such other and further relief as the Court deems just and proper.

Dated: Queens, New York
April 18, 2017

Law Offices of T. Stephen Song, P.C.

By: _____
T. Stephen Song (TS 1462)
*Attorneys for Plaintiff*
154-08 Northern Blvd., Suite 2G
Flushing, NY 11354
Tel. (718) 321-0770
Fax (718) 321-0799
ssong@stephensong.net